UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PAUL THOMPSON,

    Petitioner,

    v.     CAUSE NO.: 3:18-CV-472-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Paul Thompson, a prisoner without a lawyer, filed an amended habeas corpus petition challenging the disciplinary proceeding (WCF 18-2-399) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found Thompson guilty of synthetic identity deception in violation of Ind. Code § 35-43-5-3.8, which in turn violates Indiana Department of Correction Offense A-100. Following a disciplinary hearing, Thompson was sanctioned with a loss of ninety days earned credit time and a demotion in credit class.

Thompson argues that he is entitled to habeas relief because the hearing officer lacked sufficient evidence to find him guilty.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Under departmental policy, Offense 100 is defined as "violation of any federal, state, or local criminal law." Under Indiana law, it is a felony offense to knowingly use the synthetic identifying information of another person with the intent to profess to be another person. Ind. Code § 35-43-5-3.5(a)(3). Indiana law defines synthetic identifying information as "identifying information that identifies a person other than the person who is using the information." Ind. Code. § 35-43-5-1. The administrative record includes a conduct report stating that the inmate phone system prompts an inmate for his department number and a PIN for his phone account before the inmate is permitted to make a call. Officer Throw saw Thompson using the telephone in the dormitory and recognized his voice from the call but noticed that the only active phone account belonged to another inmate. Thompson had a restriction on his account that would have otherwise prevented him from making this call. This evidence suggests that Thompson used another person's identifying information with the intent of presenting himself as another person to correctional officials via the inmate phone system and thus constitutes some evidence that Thompson committed synthetic identity deception.

Thompson contends that he did not deceive any one and that that the other inmate agreed to let him use the phone account. However, despite the name of the offense, actual deception and lack of consent are not elements of synthetic identity deception. Rather, the criminal statute expressly provides that "It is not a defense in a prosecution . . . that no person was harmed or defrauded." Ind. Code § 35-43-5-3.5(d).

Therefore, the claim that there was insufficient evidence for a finding of guilt is not a basis for habeas relief.

Thompson also argues that he is entitled to habeas relief because correctional staff would not provide him with the transcript of the phone call for his defense as required by departmental policy. He states that these transcripts would have shown that the other inmate allowed him to use the account and that the recipient of the call also consented to the call. "Procedural due process also requires prison disciplinary officials to disclose material exculpatory evidence to the charged offenders." *Scruggs v. Jordan*, 485 F.3d 934, 939–40 (7th Cir. 2007). "However, prison disciplinary officials need not permit the presentation of irrelevant or repetitive evidence in order to afford prisoners due process in disciplinary proceedings." *Id.*

As discussed above, any evidence regarding consent or actual deception would have been irrelevant to whether Thompson committed synthetic identity deception. Moreover, to the extent Thompson argues that correctional staff failed to follow the disciplinary policy by not providing the transcripts, such failures do not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, the refusal to provide a transcript is not a basis for habeas relief.

Additionally, Thompson argues that the hearing officer did not properly complete the disciplinary hearing report. Procedural due process requires a "written

statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). "A prison disciplinary committee is required to give a brief statement of the evidentiary basis for its decision to administer discipline, so that a reviewing court, parole authorities, etc. can determine whether the evidence before the committee was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). In the disciplinary report, the hearing officer explained that he relied on staff reports and Thompson's statement and that he imposed sanctions due to the seriousness of the offense. Though the hearing officer's explanation is not particularly detailed, it identifies the evidentiary basis for the finding of guilt and the reasons for the sanctions imposed and thus satisfies procedural due process. Therefore, the claim that the hearing officer did not properly complete the disciplinary hearing report is not a basis for habeas relief.

Thompson further argues that he is entitled to habeas relief because the hearing officer was not a judge, reasoning that only a judge may find him guilty of a criminal offense in a disciplinary hearing. However, the full panoply of rights afforded to a criminal defendant do not apply to prison disciplinary hearings, and the right to procedural due process does not grant inmates charged with disciplinary offenses the right to a judicial determination in the first instance. *Wolff*, 418 U.S. at 556, 563-66 (listing procedural requirements for prison disciplinary proceedings); *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (warning against adding requirements

beyond those provided by *Wolff*). Therefore, the claim that the hearing officer was not a judge is not basis for habeas relief.

Because Thompson has not asserted a valid claim for habeas relief, the habeas petition is denied. If Thompson wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the amended habeas corpus petition (ECF 4);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Paul Thompson leave to proceed in forma pauperis on appeal.

SO ORDERED on June 20, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT